# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GORDON SAGE, | : | |
|     Petitioner, | : | Case No. 3:09cv00205 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| WARDEN, Warren Correctional Institution, | : | |
| | : | |
|     Respondent. | : | |
| | : | |

# DECISION, ENTRY, AND ORDER

       This case is presently pending on Petitioner's Motion to Vacate Stay. (Doc. #8). Petitioner states that on November 29, 2009, the Montgomery County, Ohio Court of Common Pleas denied his petition for post-conviction relief, and he "has come to the conclusion that further appeal would not be successful." *Id*. Based on the present limited record in this case, no further state proceedings in this matter appear to be ongoing. Consequently, and in the absence of prejudice to Respondent, Petitioner's Motion is well taken.

       Petitioner has also filed a Motion to Amend Caption and Substitute Party. (Doc. #9). Petitioner is now in the custody of Keith Smith, Warden of the Mansfield Correctional Institution. Smith is therefore the proper Respondent in this case. Petitioner's Motion to Amend Caption and Substitute Party is therefore well taken.

       Lastly, Petitioner has filed a Motion to Amend Petition. (Doc. #10). Petitioner correctly states that the Respondent has yet to file a responsive pleading to the original

Petition, no doubt because this case has been stayed since mid-June 2009. Permitting Petitioner to amend his Petition will not prejudice Respondent. In addition, Petitioner accurately recognizes that his original Petition is in part illegible. As a result, good cause exists to permit Petitioner to amend his Petition.

Upon preliminary consideration of the proposed Amended Petition pursuant to Rule 4 of the Rules Governing §2254 Cases, the Court finds that it does not plainly appear from the face of the proposed Amended Petition and any exhibits attached thereto that Petitioner is not entitled to relief in this Court. Accordingly, Respondent shall file an Answer conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases. Specifically, said Answer shall respond to each allegation made in the Amended Petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, Petitioner has exhausted his state remedies, including delayed appeal, Application to Reopen Appeal under Ohio R. App. P. 26, and Petition for Post-Conviction Relief pursuant to Ohio Revised Code §2953.21.

Respondent is reminded of the requirement in S. D. Ohio Civ. R. 7.2 that any motion paper over twenty pages must be accompanied by "a succinct, clear and accurate summary, not to exceed five pages, indicating the main sections of the memorandum, the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found."

Respondent's Answer shall be accompanied by those portions of the state court record needed to adjudicate this case, appropriately indexed and tabbed. In lieu of these attachments, Respondent may request and the Court will issue a writ of certiorari to the relevant County's Clerk of Courts to produce the complete record.

Nothing in this Order is intended to prevent Respondent from filing a Motion to Dismiss or other pleading before filing the complete record if disposition can be made on an incomplete record.

Petitioner may file and serve a Reply or Traverse to the Answer not later **than**

2

**twenty-one days after the Answer is filed**. If Respondent files a Motion to Dismiss, Petitioner's time to file a Memorandum in Opposition will likewise be **twenty-one days from service**, as provided in S. D. Ohio Civ. R. 7.2(a).

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's Motion to Vacate Stay (Doc. #8) is GRANTED; the prior Order staying this case (Doc. #6) is VACATED; and the Clerk of Court is directed to REINSTATE this case on the Court's docket;

2. Petitioner's Motion to Amend Caption and Substitute Party (Doc. #9) is GRANTED; the Clerk of Court shall amend the caption of this case to identify and substitute as Respondent, Warden, Mansfield Correctional Institution;

3. Petitioner's Motion to Amend Petition (Doc. #10) is GRANTED; the Clerk of Court is directed to file and docket in the record of this case Petitioner's Amended Petition, which is presently attached to Document No. 10;

4. On or before **February 15, 2010**, Respondent shall file an Answer in this case conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases; and

5. The Clerk of Court is directed to serve the Petition and a copy of this Order by electronic or regular mail on Respondent and the Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Corrections Litigation, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215-6001.

January 5, 2010     s/Sharon L. Ovington
                    Sharon L. Ovington
                    United States Magistrate Judge