# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GORDON SAGE,

    Petitioner,

:

Case No. 3:09-cv-205

  -vs-

:

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz[1]

KEITH SMITH, Warden,

    Respondent.

:

## REPORT AND RECOMMENDATIONS

This is an action for writ of habeas corpus brought *pro se* by Petitioner Gordon Sage and is before the Court on Respondent's Motion to Dismiss (Doc. No. 14) and Petitioner's Response in Opposition (Doc. No. 15); Respondent has not filed a reply memorandum and the time to do so under S. D. Ohio Civ. R. 7.2 has expired.

Petitioner was indicted in the Montgomery County Common Pleas Court on two counts of aggravated murder, one count of aggravated burglary, and one count of aggravated robbery with each count carrying a firearm specification, plus one count of having a weapon while under disability. On April 11, 2005, Sage pled guilty to all charges in return for dismissal of the firearm specifications and agreement that he would be sentenced to life imprisonment with parole eligibility somewhere between twenty and twenty-eight years. The trial court imposed a sentence of life plus

---

[1]The reference in this case was transferred from Magistrate Judge Ovington to Magistrate Judge Merz pursuant to authority granted to the Dayton Magistrate Judges to transfer cases among themselves in the interest of judicial economy.

five years consecutive which made Sage eligible for parole after twenty-five years.

Represented by new counsel, Sage appealed to the Second District Court of Appeals setting forth two assignments of error:

1. Whether the court erred in not allowing Defendant new appointed counsel pursuant to a serious breakdown in communication and thereby violated Defendant's constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio State Constitution.

2. Whether Defendant's combined sentence based on consecutive sentences for multiple convictions was supported by sufficient evidence, erroneous as a matter of law, and excessive to the point of violating Defendant's constitutional right to due process and free of cruel and unusual punishment under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio State Constitution.

(Quoted in Opinion, *State v. Sage*, 2007 Ohio App. LEXIS 390 (Ohio App. 2nd Dist. Feb. 2, 2007), PageID 169-170.)

The Court of Appeals understood the first assignment of error to be that the trial court had abused its discretion by denying a continuance for the substitution of counsel. *Id.* at PageID 169. It held that, because Sage had pled guilty, he had waived any antecedent constitutional violations such as a denial of continuance. It noted particularly that Sage was not claiming on appeal that his guilty plea was other than knowingly, intelligently, and voluntarily made. *Id.* at PageID 170.

As to the second assignment of error, the court found that in imposing the sentence it had chosen, the trial court made judicial findings of fact as required by Senate Bill 2 but declared unconstitutional under *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). The Court notes that Sage appealed May 27, 2005, and his case was still pending on direct appeal when *Foster* was decided February 27, 2006. Thus the Court of Appeals did here what Foster commanded as to all

cases pending on direct appeal when it was decided: it remanded for resentencing under the discretion restored by *Foster*.

When the case reached the trial court on remand, Sage moved through counsel to withdraw his prior guilty plea and proceed to trial. The trial judge denied the motion and resentenced Sage to life imprisonment with parole eligibility after twenty-five years. Sage again appealed to the Second District raising one assignment of error: "The trial court erred in overruling Defendant's motion to withdraw his guilty plea." (Quoted in Opinion, *State v. Sage*, 2007 Ohio App. LEXIS 5596 (Ohio App. 2nd Dist. Nov, 30, 2007) PageID 258.) This assignment of error was overruled on state law grounds. Sage raised this same claim of error on appeal to the Ohio Supreme Court, but that court declined to accept jurisdiction. *State v. Sage*, 884 N.E. 2d 69 (Apr. 9. 2008).

On March 6, 2009, Sage filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 asserting that the indictment in his case was defective for failing to include the required *mens rea* element as provided in *State v. Colon*, 118 Ohio St. 3d 26 (2008). The trial court dismissed the petition as untimely and Sage took no further appeal.

Sage filed his initial habeas corpus petition in this Court on May 28, 2009 (Doc. No. 1) while his petition for post-conviction relief was pending in the state court. Magistrate Judge Ovington immediately ordered the State of Ohio to answer (Doc. No. 3). On June 11, 2009, Sage moved to stay these proceedings pending the outcome of that case and mentioned that he wanted to file an entirely new petition (Doc. No. 5), and Judge Ovington granted the requested relief (Doc. No. 6). When sage concluded no further appeals in the state court were worth pursuing, he moved to vacate the stay and amend the petition (Doc. Nos. 8, 10). Respondent did not oppose the motions and Judge Ovington granted them (Doc. No. 11). The instant Motion followed.

**Statute of Limitations**

Respondent moves to dismiss on grounds the Amended Petition is barred by the one-year statute of limitations adopted for § 2254 actions by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Respondent concedes that the original Petition was timely filed, but the statute expired before the Amended Petition was tendered. Respondent's theory is that, because the original Petition is largely illegible, it is not possible to tell whether the claims in the Amended Petition relate back to the time of filing of the Petition, as relation back under Fed. R. Civ. P. 15 is defined for habeas cases under *Mayle v. Felix*, 545 U.S. 644 (2005).

The Magistrate Judge disagrees. Petitioner's first Ground for Relief in the Amended Petition is that he was denied his right to counsel "via a complete breakdown in communication and trust." PageID 345. While the original pleading of Ground One ( PageID 5) is indeed less than completely legible, it is clear that Petitioner is raising the same claim which he presents in typewritten form in the Amended Petitioner. His second claim in the Amended Petition is that he was denied due process when he received the same sentence on remand as he received when he was first sentenced (PageID 345). The same claim was made at Ground Two in the original Petition (PageID 7). Finally, the third Ground for Relief in the Amended Petition is that Sage was denied due process when the trial court denied his motion to withdraw guilty plea on remand (PageID 345). In Ground Three of the original Petition, he asserts he was not allowed to withdraw his guilty on remand (PageID 8).

Because the claims in the Amended Petition are substantially the same, sometimes verbatim,

as the claims made in the original Petition, they relate back under Fed. R. Civ. P. 15 and the State's Motion to Dismiss the Amended Petition as untimely should be denied.

**Ground One for Relief**

Every person charged with a jailable criminal offense has the right under the Sixth and Fourteenth Amendments to the effective assistance of counsel at every stage of the proceedings against him through the first appeal of right. If he cannot afford counsel, counsel must be appointed for him at the expense of the State. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended). If there is a complete breakdown of communications and trust between counsel and client, the defendant is entitled to have new counsel appointed.

In this case, Sage sought to have his attorneys replaced on exactly that basis. The trial judge held a hearing and determined that Sage had not shown a complete breakdown of communications. Obviously, a criminal defendant cannot obtain a change of counsel, especially on the morning of trial, merely by incantation of talismanic words: "breakdown of communications"; rather, he must make some showing to that effect.

What the Court of Appeals held on this matter when it was presented as the first assignment of error on direct appeal was that Sage had waived this claim by going ahead and accepting a plea agreement, one that he told the trial court was knowing, intelligent, and voluntary. In doing so, the Court of Appeals relied in part on controlling United States Supreme Court precedent, to wit, *Menna*

*v. New York,* 423 U.S. 61 (1975), and *Tollett v. Henderson*, 411 U.S. 258 (1973). While Petitioner addresses his first Ground for Relief on the merits in his Memorandum Contra (Doc. No. 15), he nowhere discusses this waiver argument made by Respondent.

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409-410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied

> clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

> AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 (2005).

The Magistrate Judge concludes that the Court of Appeals decision is an objectively reasonable application of *Menna* and *Tollett, supra.* The Court should conclude Petitioner waived the first Ground for Relief by pleading guilty.

In his Amended Petition, Sage recites a number of facts which do not appear of record about how his trial attorneys allegedly coerced him into accepting the plea agreement (PageID 347-348). However, Sage never raised a claim in the state courts that his plea was involuntary nor did he use the opportunity provided by Ohio law to attempt to introduce these extra-record facts into the case. Under Ohio Revised Code § 2953.21, he could have made a claim the plea was involuntary and filed

an affidavit of what his attorneys did to coerce him to plead. He never did so. In fact, when he filed his 2953.21 petition, it was focused on an entirely different claim. Having never made a claim in the state courts that his plea was involuntary, he is barred from making that claim in the first instance in this Court. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982).

### Ground Two for Relief

In his second Ground for Relief, Sage complains that he received exactly the same sentence on remand as he had received in the first sentencing.

Respondent contends this claim should be dismissed because it does not state a claim for habeas corpus relief under 28 U.S.C. § 2254. The Magistrate Judge agrees. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010);*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991).

Petitioner's sole response to this assertion is to state that there is a right to appeal a sentence under Ohio Revised Code § 2953.08. That is true, but when he appealed from the second sentence, Sage did not make any claim in the Court of Appeals about the length of the sentence. Instead, he sought to have the Court of Appeals overrule denial of his motion to withdraw the guilty plea.

There is in fact no federal constitutional right to a state court appeal of any kind. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). More importantly, however, there is no federal constitutional right to receive a lesser sentence on remand than the sentence one received initially. In fact, the vast majority of sentences this Court has seen which the Ohio trial courts imposed on remand under *Foster* have been identical to the sentences imposed in the first instance.

The second Ground for Relief in the Amended Petition does not state a claim for habeas corpus relief. Even if it did, that claim would have been waived when Petitioner failed to raise it on appeal from the second sentence.

### Ground Three for Relief

In his third Ground for Relief, Sage asserts he was denied due process of law when the trial court refused to permit him to withdraw his guilty plea after the *Foster* remand. Respondent asserts that here as well there is no federal constitutional claim made. Again the Magistrate Judge agrees.

When the case was remanded under *Foster*, Sage apparently believed that he had a right to withdraw his guilty plea under the relatively relaxed pre-sentence standard in Ohio R. Crim. P. 32.1. The trial judge disagreed and applied the post-sentencing standard. Sage appealed on that basis and the Court of Appeals overruled the assignment of error on purely state law grounds.

There is no federal constitutional right to withdraw a guilty plea once it has been knowingly, intelligently, and voluntarily entered. Petitioner made no claim on his first appeal, his second

appeal, or his post-conviction petition that his plea was involuntary. He cannot raise that claim here for the first time, having never raised it in the state courts. The claim he did raise in the state courts on withdrawal of his guilty plea was made entirely under Ohio, not federal constitutional, law.

## Conclusion

While Respondent's statute of limitations claim is not well taken, the balance of the Warden's arguments are compelling. The Amended Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability. Because any appeal would be objectively frivolous, Petitioner should not be permitted to appeal *in forma pauperis*.

January 5, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).